IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN FRANCISCO TURCIOS | § | |
| (TDCJ No. 1790019), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:16-cv-2809-N-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Juan Francisco Turcios, a Texas inmate, has filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 3, 4, & 5. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The State filed a response opposing relief. *See* Dkt. No. 12. And Turcios obtained leave to file – and did file – an out-of-time reply brief. *See* Dkt. Nos. 17, 18, 19, 20, & 24. For the reasons explained below, the Court should deny Turcios's habeas petition.

**Applicable Background**

"Without the benefit of a plea-bargain agreement, Juan Francisco Turcios pleaded guilty to the offenses of burglary and aggravated assault with a deadly weapon. The trial court sentenced him to twenty years' imprisonment for each offense,

to be served concurrently." *Turcios v. State*, Nos. 05-12-00839-CR & 05-12-00840-CR, 2013 WL 5536939, at *1 (Tex. App. – Dallas Oct. 7, 2013, pet ref'd); *see State v. Turcios*, Nos. F11-70886-P & F11-70896-P (203d Jud. Dist. Ct., Dallas Cty., Tex.). On direct appeal, Turcios claimed that "he was denied effective assistance of counsel to prepare a motion for new trial challenging the constitutionality of his custodial sentence" – arguments that the state court of appeals found unavailing in affirming the underlying criminal judgments. *Turcios*, 2013 WL 5536939, at *1.

The Texas Court of Criminal Appeals (the "CCA") refused discretionary review. *See Turcios v. State*, PD-048-14 & -049-14 (Tex. Crim. App. Apr. 2, 2014). And the CCA denied Turcios's state application for writ of habeas corpus without a written order on the trial court's findings without a hearing. *See Ex parte Turcios*, WR-83,155-01 & -02 (Tex. Crim. App. June 22, 2016).

In his timely-filed federal habeas application, Turcios raises some 10 grounds for relief, many of which contain multiple sub-grounds and some of which are not cognizable.

## Legal Standards

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, ___ F.3d ___, 2018 WL 2338813, at *3 (5th Cir. May 23, 2018) (a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as

to that ground).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by

AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was

objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e) (1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Richter*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *cf. Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the

doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

## Analysis

I.    <u>Non-Cognizable Claims [Grounds 1, 2, and 3]</u>

Turcios's first ground for relief is an attack not on the underlying state criminal proceeding (his trial and direct appeal) but on the sufficiency of the state habeas proceeding. He complains that the court in that proceeding both failed to apply state and federal law to resolve his petition and failed to hold an evidentiary hearing. *See, e.g.*, Dkt. No. 3 at 6. But this ground for relief is not cognizable in a Section 2254 proceeding. As the United States Court of Appeals for the Fifth Circuit has observed, "[a] long line of cases from our circuit dictates that 'infirmities in state habeas proceedings do not constitute grounds for relief in federal court.' That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (quoting *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); citations omitted); *cf. Bass v. Dretke*, 82 F. App'x 351, 354-55 (5th Cir. 2003) (per curiam) ("Simply put, deference is not dependent upon the existence of a full and fair hearing

in the state habeas proceeding." (relying on *Valdez v. Cockrell*, 274 F.3d 941, 951 (5th Cir. 2001)); footnote omitted).

The second ground for relief is that the indictment in F11-70866 was defective because it failed to allege both a culpable mental state and the person assaulted. *See, e.g.*, Dkt. No. 3 at 6. This attack, aimed at the elements presented in an indictment, also is not cognizable. "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction," *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citing *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980)); *accord Alexander v. McCotter*, 775 F.2d 595, 598 (1985).

> For an indictment to be "fatally defective," no circumstances can exist under which a valid conviction could result from facts provable under the indictment. *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988).
>
> State law determines whether an indictment is sufficient to vest jurisdiction in the state trial court. *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994). Under Texas law, "indictments charging a person with committing an offense, once presented, invoke the jurisdiction of the trial court and jurisdiction is no longer contingent on whether the indictment contains defects of form or substance." *Teal v. State*, 230 S.W.3d 172, 177 (Tex. Crim. App. 2007). [Even the] "failure to allege an element of an offense in an indictment or information is a defect of substance," as opposed to one of jurisdiction. *Studer v. State*, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990). As acknowledged in *Studer*, if omitting an element from an indictment is a defect of substance in an indictment, it naturally follows that the indictment is still an indictment despite the omission of that element. *Id.*

*Fields v. Thaler*, Civ. A. No. H-11-0515, 2012 WL 176440, at *6-*7 (S.D. Tex. Jan. 20, 2012).

Turcios has not shown that the state indictment he attacks was "so defective"

as to deprive the "state court of jurisdiction." *McKay*, 12 F.3d at 68.

The state habeas court, moreover, addressed the merits of this argument:

15. The indictment reads as follows:
   said Defendant did then and there unlawfully, intentionally and knowingly enter a habitation without the effective consent of MARIA PEREZ, the owner thereof, and did then and there commit a felony other than theft, namely, ASSAULT FAMILY VIOLENCE IMPEDE BREATHING/CIRCULATION,

16. The gravamen of the offense is the nonconsensual entry, not the assault. Therefore, the indictment does not need to allege the elements of assault, just the elements of burglary. The indictment alleges all the elements of burglary. A motion to quash would have been futile. An indictment charging one offense during the commission of another crime need not allege the elements of the latter offense. *Hammett v. State*, 578 S.W.2d 699, 707-08 (Tex. Crim. App. 1979).

Dkt. No. 12-1 at 43.

And, by denying Turcios's state habeas application without a written order, the CCA, the highest state court, has indicated "that the indictment is sufficient, so [Turcios's] claim is thus not cognizable under § 2254." *Odham v. Scott*, 56 F.3d 1384 (table), 1995 WL 337647, at *2 (5th Cir. May 15, 1995) (per curiam) (citing *Alexander*, 775 F.2d at 599; *McKay*, 12 F.3d at 68).

Turcios's third ground for relief – separate from a later ground that could be interpreted as directly challenging one of his guilty pleas – is that the evidence was insufficient to support his assault conviction, because his plea and judicial confession both lacked the element of intent and the name of his victim. *See, e.g.*, Dkt. No. 3 at 7. But this claim is precluded by his decision to plead guilty. *See Smith v. McCotter*, 786 F.2d 697, 702-03 (5th Cir. 1986) ("'No federal constitutional issue is raised by the

failure of the Texas state court to require evidence of guilt corroborating a voluntary plea.' The *Jackson v. Virginia*, 443 U.S. 307 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." (quoting *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983); citing *Kelley v. Alabama*, 636 F.2d 1082, 1083-84 (5th Cir. Feb. 1981))); *see also Tristan v. Stephens*, No. 3:12-cv-2828-P-BK, 2013 WL 4561331, at *3 (N.D. Tex. Aug. 28, 2013) (further noting that, "under Texas state law, a judicial confession is sufficient evidence of guilt in a felony criminal case in which a defendant enters a guilty plea" (citing *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009))); *Wisener v. Thaler*, No. 4:09-cv-359-Y, 2010 WL 546738, at *4 (N.D. Tex. Feb.17, 2010) ("[T]o the extent [that the petitioner] complains ... that there was insufficient evidence to support his conviction, ... [a] matter[ ] unrelated to the voluntariness of his plea, the claim[ is] nonjurisdictional and [is] waived by the plea." (citing *United States v. Broce*, 488 U.S. 563, 573–74 (1989))).

II.    Guilty Plea/Due Process Challenges [Grounds 6, 7, and 10]

Turcios's sixth ground for relief is that the trial court erred (1) by accepting his plea when there was no evidence to support the plea – again contending that the indictment failed to allege intent and the victim's name; (2) by incorrectly admonishing him as to the range of punishment in the aggravated-assault proceeding [F11-70896-P]; (3) by allowing victim-impact testimony; and (4) by delaying, for 7 months, the appointment of counsel for Turcios's direct appeal. *See, e.g.*, Dkt. No. 3 at 8.

Trial court errors alleged to have violated a habeas petitioner's constitutional

right to due process, for example, can sound in habeas relief, but "the Supreme Court [has] held that a federal habeas court may not grant relief on trial errors unless the petitioner demonstrates that the error 'had a substantial and injurious effect or influence in determining the jury's verdict.'" *Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). "Under *Brecht*, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict. It must have had a substantial effect or influence in determining the verdict." *Id.* (quoting *Woods v. Johnson*, 75 F.3d 1017, 1026-27 (5th Cir. 1996); bracket omitted).

First, the indictment was not defective, for the reasons set out above.

Second, although Turcios was incorrectly admonished orally that his punishment range was 5-99 years or life confinement, *see* Dkt. No. 12-1 at 5, as the state habeas court found,

> [t]he written admonitions contain the correct punishment and were signed by [Turcios. Turcios was admonished, although incorrectly by the Court, and was sentenced within the proper range. This is considered substantial compliance with [state law. Turcios] has failed to show he entered his guilty plea without understanding the consequences of his action and that he suffered harm.

Dkt. No. 12-1 at 63 (citations omitted).

The state trial judge admitted to the incorrect oral admonishment. But "[a] state court's failure to follow its own procedural rules does not of itself raise a federal constitutional question cognizable in a habeas corpus proceeding. To rise to the level of a federal due process violation, the state trial judge's incorrect admonishment must

somehow affect the knowing and voluntary character of the plea." *Hill v. Estelle*, 653 F.2d 202, 205 (5th Cir. Unit A Aug. 1981) (per curiam) (citations omitted). And, "[e]ven if misinformed about the maximum possible sentence, the defendant's plea is not to be set aside as involuntary if he receives a sentence less than the law permitted or less than the defendant was informed that the court could impose." *Id.* (citations omitted).

Here, where Turcios was given a sentence that was less than the maximum possible sentence announced in the incorrect oral admonishment and where Turcios has not alleged how the incorrect oral admonishment harmed him – or shown, for the reasons discussed below, that his plea was not knowing voluntary – Turcios fails to show that the error was substantial enough to warrant federal habeas relief as a due process violation. *Cf. Chiles v. Johnson*, No. 3:00-cv-2445-L, 2001 WL 1042736, at *4 (N.D. Tex. June 19, 2001) ("Chiles cannot show that there was a constitutional violation because he was sentenced to a term of punishment of 15 years – less than the 20 year maximum he was facing or the 99 years or life that he originally thought he was facing. Petitioner is not entitled to relief on this claim."), *rec. accepted as modified*, 2001 WL 1042735 (N.D. Tex. Aug. 30, 2001).

Third, the state habeas court determined, based on state law, that "[v]ictim-impact evidence may be admissible at the punishment phase when that evidence has sole bearing on the defendant's personal responsibility or moral culpability" – a determination that the CCA upheld. Dkt. No. 12-1 at 45 (citations omitted); *see also, e.g.*, *Ray v. Director, TDCJ-CID*, No. 4:05cv468, 2009 WL 801770, at *4 (E.D. Tex. Mar. 24, 2009) ("The Texas Code of Criminal Procedure provides that

evidence may be offered by the State as to any matter the Court deems relevant to sentencing, including, but not limited to, prior criminal record, general reputation, character, and any other evidence of extraneous crimes or bad acts that is shown beyond a reasonable doubt to have been committed by the defendant regardless of whether he has previously been charged with or finally convicted of the crime or act." (citing TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)).

For these reasons, Turcios's habeas-proceeding due process claim based on punishment-phase admission of the victim-impact testimony fails – a federal "court must defer to the state courts' ruling that [the victim's] testimony was admissible under the state's evidentiary law." *Thompson v. Thaler*, 432 F. App'x 376, 379 (5th Cir. 2011) (per curiam) (citing *Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law. When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions are state law."); *Schaetzle v. Cockrell*, 343 F.3d 440, 449 (5th Cir. 2003) ("It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law." (quoting *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995)))).

As to the fourth and final due-process-based claim, the Dallas Court of Appeals considered the impact of the delayed appointment of new appellate counsel for Turcios's direct appeal and found that he was not prejudiced by the alleged absence of counsel. *See Turcios*, 2013 WL 5536939, at *2-*4. Because that court's thorough consideration of this issue is neither contrary to clearly-established federal law nor

unreasonable in light of the applicable record, Turcios fails to show that, under this ground, he is entitled to habeas relief.

Turcios's seventh ground for relief is a more direct challenge to his guilty plea in F11-70896-P – that the plea was not knowing and voluntary because he lacked knowledge of the applicable punishment range and that a keychain screwdriver qualified as a deadly weapon. *See, e.g.*, Dkt. No. 3 at 8; *see also* Dkt. No. 12-1 at 47 (framing the deadly-weapon component of the claim, as presented to the state habeas courts, as: "Turcios complains that he was not admonished as to his eligibility for parole and the affect of an affirmative finding of a deadly weapon.").

First, for the reasons discussed above, Turcios knew the applicable punishment range.

As to the alleged lack of a deadly-weapon admonishment, a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the

-14-

consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011). "Nonetheless, the issue of whether the state trial court followed the statute is nondispositive. Instead, a guilty plea will be upheld on habeas review if it is entered into knowingly, voluntarily and intelligently." *Dominguez v. Director, TDCJ-CID*, No. 6:14cv49, 2014 WL 2880492, at *3 (E.D. Tex. June 23, 2014) (citing *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995)).

Most applicable to the instant claim, "[t]he 'knowing' requirement that a defendant 'understands the consequences of a guilty plea' means only that the defendant understands the maximum prison term and fine for the offense charged.'" *Id.* (quoting *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (citing, in turn, *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)); *cf. Ex parte Huskins*, 176 S.W.3d 818, 821 (Tex. Crim. App. 2005) (en banc) ("While a deadly-weapon finding does affect a defendant's eligibility for probation and parole, it does not alter the range of punishment to which the defendant is subject, or the number of years assessed." (footnote omitted)). And "[a] guilty plea is not involuntarily or unintelligently entered because the defendant is not informed of all the possible collateral consequences flowing from the conviction" – including parole eligibility. *Dominguez*, 2014 WL 2880492, at *3 (citing *LeBlanc v. Henderson*, 478 F.2d 481, 483 (5th Cir. 1973)); *see also*

*Hinkle v. Quarterman*, No. A-06-CA-956-Y, 2007 WL 4289997, at *8 (W.D. Tex. Dec. 4, 2007) ("The law did not require that Petitioner be informed ... that the deadly weapon finding would prohibit his eligibility for parole for at least 30 years." (citations omitted)).

Turcios's tenth ground for relief is that the State failed to disclose its intent to introduce – and that the State did introduce – a victim-impact statement and extraneous-offense evidence. *See, e.g.*, Dkt. No. 3 at 9. Like the similar due process claim discussed above, this claim boils down to Turcios's complaining that the State and the state trial court violated state law, *see* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a), and it fails for the same reason, *see, e.g.*, *Schaetzle*, 343 F.3d at 449 ("It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law." (quoting *Weeks*, 55 F.3d at 1063)).

III.    <u>Ineffective Assistance of Counsel [Grounds 4, 5, 8, and 10]</u>

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel ("IAC"), whether at trial or on direct appeal, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland*" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))).

Under *Strickland*, a habeas petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that

-16-

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see also Buck v. Davis*, 580 U.S. ____, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)).

The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See Strickland*, 466 U.S. at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has

admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)).

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods*

*v. Etherton*, 578 U.S. \_\_\_\_, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

Turcios first claims that his trial counsel, Paul Johnson, violated his right to effective assistance by failing to move to quash an indictment that failed to allege intent and a victim and, relatedly, by failing to move for a directed verdict or lesser-included offense. *See, e.g.*, Dkt. No. 3 at 7. Turcios further argues that Johnson violated his Sixth Amendment right to effective counsel by (1) failing to call an investigator who had unearthed discrepancies in the victim's narrative; (2) failing to advise Turcios properly as the deadly-weapon finding; (3) failing to inform the trial court of the incorrect punishment range; and (4) failing to object to the State's failure to disclose its intent to introduce – and the State's introduction of – a victim-impact statement and extraneous-offense evidence. *See, e.g.*, *id.* at 7, 9.

Turcios further claims that his appellate counsel, Matthew J. Kita, rendered constitutionally ineffective assistance by (1) failing to raise on direct appeal that

Johnson violated Turcios's Sixth Amendment right to effective assistance – where Johnson neither moved to dismiss the indictment nor challenged the judicial confession – and (2) failing to file a motion for a new trial and arrest of judgment based on the alleged defects in the indictment. *See, e.g.*, Dkt. No. 3 at 7.

Some of these IAC claims may be waived by Turcios's knowing and voluntary guilty pleas. *See, e.g., Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir. 1983) ("Once a plea of guilty has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained." (citing *McMann v. Richardson*, 397 U.S. 759 (1970); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. Oct. 1981))).

But, to the extent that each claim is not and, rather, was properly exhausted in the state habeas proceedings – and therefore not now procedurally defaulted – the state habeas court obtained affidavits from both Mr. Johnson and Mr. Kita. *See* Dkt. No. 12-1 at 50, 51-52, & 65-66. That court then developed a record and made credibility determinations, choosing to accept counsel's sworn testimony. *See id.* at 42, 44, & 49. The credibility determinations, underlying the CCA's ultimate denial of the IAC claims, make it even more difficult for Turcios to obtain Section 2254 relief as to these claims. *See Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) ("A trial court's credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts." (quoting *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir. 1999))).

The undersigned has reviewed the state habeas court's findings and conclusions

as to the IAC claims, *see* Dkt. No. 12-1 at 39-52 & 60-65, and, because not one amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence," *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)), Turcios fails to show that his Sixth Amendment right to effective counsel was violated.

As a consequence, the state habeas court necessarily determined that Turcios's guilty pleas were voluntary. And he has not shown that this determination is unreasonable by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *cf. Bass v. Morgan*, 653 F. App'x 299, 302 (5th Cir. 2016) (per curiam) ("Bass has not shown prejudice because he has not shown 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' Thus, Bass has not shown that the state court's decision was contrary to or an unreasonable application of *Strickland* or an unreasonable determination of facts in light of the evidence presented in the state court proceeding." (citations omitted).

## IV.    Cruel and Unusual Punishment [Ground 9]

Finally, Turcios asserts that his 20-year sentence amounts to cruel and unusual punishment. *See, e.g.*, Dkt. No. 3 at 9. The Dallas Court of Appeals rejected Turcios's claim that he should not be confined because of his medical conditions, *see Turcios*, 2013 WL 5536939, at *3 – a determination that Turcios has not shown is unreasonable under the applicable review standards. And, to the extent that the current claim differs

– that is, if Turcios now also (or alternatively) claims that TDCJ cannot or has not treated his medical conditions – such a claim should be made in a civil rights action, not through a habeas petition.

### Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 7, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE